


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

PATRICK O. CHRISTIAN

Plaintiff,

v.

COMMONWEALTH STATE OF VIRGINIA

Defendant.

Civil Action No. 3:14-CV-417

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Patrick O. Christian's Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 1.) On June 6, 2014, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. In support of his Motion, Plaintiff submitted a financial affidavit attesting to his assets and inability to pay the required filing fees. Upon due consideration, the Court concludes that Plaintiff is unable to pay the required fees. The Clerk will be DIRECTED to file Plaintiff's Complaint for administrative purposes. Plaintiff originally filed a similar case in which the Court dismissed his amended complaint for failure to particularize. *Christian v. Comm.*, 14-CV-26 (E.D. Va. May 16, 2014). The allegations in the instant Complaint are more detailed, but are deficient pursuant to 28 U.S.C. § 1915(e)(2)(B). The Complaint will be DISMISSED WITHOUT PREJUDICE.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The term "frivolous" in this context

"embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Thus, section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios" or where "defendants are immune from suit." *Id.* at 327–28.

**II. Analysis**

Plaintiff submitted a twelve page complaint alleging a "civil rights conspiracy." (Compl. at 1). Plaintiff informs the Court that no less than twenty-six federal and state entities are aware of the purported conspiracy and have willfully and deliberately taken part in it against him. (*See* ECF No. 1 Ex 1, at 10-11) (naming as defendants the White House, Charlotte Mecklenburg Police Department, North Carolina, Mecklenburg County Sheriff Department, North Carolina, Mecklenburg County District and Superior Courts and Clerks, North Carolina, Mecklenburg County, North Carolina; Richmond, Virginia; Virginia District Attorney Offices, Democratic and Republican Politicians, United States Post Office, Veteran's Administration, Unemployment Security Commission, Department of Labor, Western District of North Carolina Court and Clerk of North Carolina, Vance County Probation Office in North Carolina, Vance County Clerk of Court in North Carolina, Wake County Superior Court and Clerk North Carolina, Granville County Clerk of Court and Police Department, the Fourth Circuit Court of Appeals in Virginia, Virginia Treasury Department, City of Richmond Circuit Court, Commonwealth of Virginia former and present Attorney Generals and Representatives, former and present Governors of Virginia and Administration, Virginia State Police Departments, Virginia Workforce Connection, Virginia Employment Commission, Healing Place, City of Richmond Sheriff Department and Aramark, and Libraries in Virginia and North Carolina and Institutions of higher education). Christian also named additional participants of the conspiracy including, but

not limited to: unnamed businessmen and women, Kenneth Cuccinelli, Robert McDonnell, Terry McAuliffe, Vicki Bridgeman, Manju Ganeriwala, Michael Jordan, Cheryl Christian, Francine Williams, and James Goodman. Plaintiff contends that: (1) Defendants have conspired to claim his "intangible property," in part because he is African American; (2) he was exposed to contaminated food while he was in the Richmond City Jail; (3) his legal, medical, educational, vital, and financial records were willfully and unlawfully altered, destroyed, or withheld by Virginia and North Carolina officials; (4) he has been threatened and his due process rights have been violated by unnamed people; (5) he was arrested on multiple criminal charges as part of this conspiracy—including allegations that Virginia State Police improperly changed his status from a sex offender to a violent sex offender—; and (6) he was barred from returning to the "Healing Place" for improper reasons. Plaintiff also details how he was harassed by Virginia Commonwealth University Police Officers prior to attempting to file a lawsuit in the General District Court of Richmond, Virginia.

Plaintiff alleges that he has suffered continuous damages in the form of homelessness and indigence due to an inability to obtain gainful employment or even a driver's license. Plaintiff requests $957,000,000 in damages consisting of the asserted value of his property, interest, damages, lost wages, stress, and injury. Plaintiff also requests that the Court expunge his criminal record and remove him from the registry of sex offenders. Overall, the Court finds the factual allegations contained within the Complaint are baseless and nonsensical and, thus, are frivolous.

Further, while *pro se* complaints must be read liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), the Court cannot find, even under a liberal interpretation of the Complaint, that Plaintiff has stated a claim upon which relief may be granted. Plaintiff alleges a broad civil rights conspiracy against multiple persons and government agencies without providing any appropriate legal basis. "Even if the Court were to construe some of Plaintiff's claims as

falling under 42 U.S.C. § 1983 where government officials are named, Plaintiff must allege that one of his constitutional rights or federal statutory rights were violated by a person acting under color of state law." *Christian v. Moore*, No. 3:10-CV-302-FDW DSC, 2010 WL 3418390, at *2 (W.D.N.C. Aug. 30, 2010); *see also Adams v. Rice*, 40 F.3d 72, 74 (1994) ("*[I]n forma pauperis* plaintiffs who claim that their constitutional rights have been violated . . . must present more than naked allegations.").

To the extent that Plaintiff alleges that Defendants have committed: embezzlement and fraudulent conversion; malfeasance; stalking; malicious injury/intentions; violations of Title 3.2 of the Virginia Code regarding Agriculture, Animal Care, and Food; violations of Virginia State Water Control Law; or violations of the Virginia Water Quality Improvement Act of 1997, Plaintiff cannot enforce criminal statutes in his capacity as an individual citizen.

Plaintiff cites civil statutes including: (1) "When property to be taken by officer; summary of evidence, affidavits and report to be filed," Virginia Code § 8.01-114; and (2) "Civil action for racial, religious, or ethnic harassment, violence or vandalism," Virginia Code § 8.01-42.1.[1] However, section 8.01–114 concerns a proceeding in detinue to recover personal property unlawfully withheld from the plaintiff as the result of a warrant. *See* Va. Code § 8.01–114. This claim fails because Plaintiff does not allege that a warrant was issued and that law enforcement officers subsequently took possession of his property. Section 8.01-42.1 of the Virginia Code provides a right of action for victims of intimidation, harassment, violence, or vandalism, when such acts are motivated by religious, ethnic, or racial animus. Va. Code § 8.01-42.1. However, Plaintiff has not alleged any facts suggesting intimidation, harassment, violence, or vandalism motivated by religious, ethnic, or racial animus. Instead, Plaintiff describes an elaborate conspiracy in which Defendants are

[1] Plaintiff also cites various statutes that have either been repealed or have newer and different citations. *See, e.g.*, Va. Code §§ 3.1-385.2, 3.1-385.7.

attempting to steal his "intangible property" or prevent him from claiming his property in Virginia.

To the extent that Plaintiff asserts a constitutional claim against government officials named in his case, the Court finds that the doctrine of qualified immunity would be applicable, thus, shielding them from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 672 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

**III. Conclusion**

For the above reasons, the Court will GRANT Plaintiff's Motion to Proceed *In Forma Pauperis* and will DISMISS Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is entitled to appeal the Court's decision. To do so, Plaintiff must file a notice of appeal with the Clerk of this Court within sixty (60) days of the entry of this Order, in accordance with Federal Rules of Appellate Procedure 3 and 4. If Plaintiff fails to file a timely notice of appeal, he may lose his right to appeal.

Let the Clerk send a copy of this Memorandum Opinion to Plaintiff.

An appropriate Order shall issue.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this 27th day of June 2014.